RUSSELL G. FINN AND MARGARET A. FINN, EXECUTRIX OF THE ESTATE OF JOHN FINN, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9309.    Promulgated March 18, 1931.

*John P. O'Hara, Esq.*, for the petitioners.
*Arthur Carnduff, Esq.*, for the respondent.

OPINION.

VAN FOSSAN: The respondent having determined an overassessment for 1921 in the case of both petitioners, the Board is without jurisdiction to determine any issue raised for that year. *Cornelius Cotton Mills*, 4 B. T. A. 255. Accordingly, the petition, so far as it relates to 1921, is dismissed.

The petitioners contend that in computing the income of the partnership from the Northville and Oakland Hills jobs, the full amount of $90,000 set aside as a " Reserve for Overrun " should be allowed as an offset against the fees received on those jobs; or, in the alternative, that the income of the partnership from the Northville and Oakland Hills jobs should be redetermined on the completed contract basis, in accordance with article 36 of Regulations 45. The respondent contends that a portion of the reserve represents a contingent liability which can not properly be taken into consideration in computing the income of the partnership. The respondent makes no defense to the petitioners' alternative contention.

We omit consideration of the first contention advanced by the petitioners to consider the alternative one, because we believe that

in the latter lies the proper solution of the issue. An individual tax-payer who is a member of a partnership must return as income his distributive share in the partnership net income, section 218 (a), Revenue Act of 1918; and the partnership net income must be determined in accordance with the method of accounting regularly employed in keeping the partnership books. Sections 218 (d) and 212, Revenue Act of 1918; *Melville W. Thompson*, 18 B. T. A. 1192. The respondent's regulations permit the computation of income from long-term contracts upon the completed-contract basis. Article 26. Regulations 45. The completed-contract basis of computing income clearly reflects the income from long-term contracts. *James C. Ellis*, 16 B. T. A. 1225; *Norton Construction Co.*, 21 B. T. A. 443; and *Alfred E. Badgley*, 21 B. T. A. 1055; and when the taxpayer's books are regularly kept upon the completed-contract basis, income must be computed on the same basis, for the purposes of the income tax. *H. Stanley Bent*, 19 B. T. A. 181; and *Alfred E. Badgley, supra.*

Except for the Northville and Oakland Hills jobs, the accounting for all contract operations of the partnership was made on the completed-contract basis. It was not the intention of the partners that the accounting for the Northville and Oakland Hills jobs should differ, in any respect, from the method followed as to all other jobs; on the contrary, it was their wish, expressly communicated to the bookkeeper, that the accounting for the gains or losses on these two jobs should conform with the accounting practice as to all other jobs. Technically, it did not so conform, because there was an accounting made for the fees, as gains, prior to the completion of the contracts; but the reason for this, according to the bookkeeper's testimony, was his lack of experience and of knowledge of what was required in the way of book entries, considering the peculiar compensation provisions of the two contracts. He had never before made an accounting for operations carried on under contracts which contained similar provisions as to guaranteed maximum costs and reduced fees in the event such guaranteed costs were exceeded. He believed, when he set up the " Reserve for Overrun " of $90,000 to take care of the estimated deductions which would be made from the fees provided in the two contracts on account of exceeding the guaranteed costs, that the accounting for those jobs conformed with the method otherwise used in keeping the books. In that he was mistaken. But his error, due to inexperience, can not alter the accounting method otherwise regularly employed in keeping the partnership books.

The partnership having kept its books upon the completed-contract basis, the statute requires that its net income shall be computed upon the same basis. On this basis, gains and losses derived from long-

term contracts are to be included in income only when the jobs are completed. Since the Northville and Oakland Hills jobs were not completed until 1921, any gains in respect of those jobs should be eliminated from the income for 1920. Obviously, it follows that any portion of the " Reserve for Overrun " which has been allowed by the respondent, either as a deduction or as an offset against income for 1920, should be eliminated from the computation of net income.

*Judgment will be entered under Rule 50.*